UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GUY B. McDONALD | * | CIVIL ACTION NO. 15-31 |
| VERSUS | * | JUDGE: |
| ACME TRUCK LINE, INC. | * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Guy B. McDonald brings this Complaint for damages under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, et seq., and the Louisiana Employment Discrimination Law, LSA-R.S. 23:301, et seq. (LEDL), and respectfully represents:

### PARTIES

1.

Guy B. McDonald is a resident of and domiciled in Covington, St. Tammany Parish, Louisiana.

2.

Acme Truck Line, Inc. (Acme) is a Louisiana corporation with its principal place of business in Gretna, Jefferson Parish, Louisiana.

### JURISDICTION AND VENUE

3.

This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. 1331, as Plaintiff seeks damages pursuant to federal law under the ADEA, 29 U.S.C. § 621.  This Court should exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

1

§ 1367, because those claims are so related to the federal claims brought herein that they form part of the same case or controversy.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391, as plaintiff at all times pertinent to this Complaint was a resident within the venue and jurisdiction of this district, and Acme at all times pertinent to this complaint, operated and did business within the venue and jurisdiction of this district.

5.

Plaintiff filed his charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on November 4, 2014.  More than sixty days has elapsed since the EEOC filing, and under 42 U.S.C. § 626(d), Plaintiff's claims under the ADEA are now ripe for judicial relief.

6.

On November 6, 2014, pursuant to LSA-R.S. 23:303, Plaintiff gave Acme written notice of his belief that he had been discriminated on account of his age in violation of the LEDL, as well the details of the discrimination against him, and offered to enter into good faith negotiations to resolve the dispute prior to the filing of suit, to no avail.  All pre-suit requirements set forth in the LEDL have been complied with.

7.

Acme is a private employer, engaged in the business of providing trucking services in interstate commerce, and has approximately 1800 employees.  Acme therefore qualifies as an "employer" under the ADEA and the LEDL.

8.

Prior to his employment by Acme, Plaintiff enjoyed a distinguished career in the claims and risk management industry, including holding multiple executive level positions with Travelers Insurance Company.  Immediately prior to his association with Acme, Plaintiff was the National Claim Director for KLLM, Inc. Trucking Company.

9.

Plaintiff was initially retained by Acme in 2004 to act as a risk management consultant, a position for which he was imminently qualified having many years of executive level experience in the claims industry in general, and specific prior experience handling trucking claims.  At the time he was hired as a consultant, there were a number of serious deficiencies in Acme's claims practices which had the potential for significant negative financial consequences.  As a direct result of Plaintiff's efforts and implementation of his strategy, the Acme claims department experienced a remarkable turnaround, which led to Acme hiring Plaintiff as its Risk Manager on January 15, 2009.

10.

After being hired as a full time Risk Manager by Acme, the claims department continued to improve its performance due to the knowledge, experience and skill of Plaintiff, and as a result, Plaintiff never failed to receive substantial performance based bonuses for his efforts. Acme was so pleased with his job performance that Plaintiff was told he could continue in his capacity as Risk Manager as long as he so desired.

11.

During the period of his employment by Acme, Plaintiff was never disciplined in any manner, was never put on probation, never received a single negative performance review, and was never told that his job performance was anything other than excellent.

12.

Plaintiff took great pride in his professionalism, work ethic, quality of services provided and the value which he brought to Acme.

13.

Plaintiff was shockingly and wrongfully terminated on September 23, 2014, with no notice whatsoever.  When informed of his termination, Plaintiff inquired as to the reasons for it and was met with silence by his superiors at Acme.  Acme has never explained to Plaintiff why they terminated him.

14.

At the time of his termination Plaintiff was 77 years old, in good health and able to continue to perform all of his job duties at a high level.

15.

Prior to Plaintiff's termination, Acme had hired an assistant risk manager named Tracy Satterlee, aged 51.  Ms. Satterlee came to Acme from the claims department at Stewart Enterprises, a company engaged in the business of providing funeral and cemetery services, and had no prior experience handling trucking claims.

16.

Upon Plaintiff's termination, Acme promoted Tracy Satterlee to the position of Risk Manager.

17.

Acme discriminated against Plaintiff by wrongfully terminating because of his age and replacing him with a less qualified individual, 26 years his junior, in violation of the ADEA and LEDL.

18.

Acme's discrimination against Plaintiff was willful, in that Acme knew the termination of Plaintiff under the circumstances was a violation of Plaintiff's legal rights, or alternatively, Acme acted with reckless disregard as to whether the termination was a violation of Plaintiff's legal rights.

19.

Acme's wrongful termination of Plaintiff has caused him severe emotional distress and suffering.

20.

Plaintiff is entitled to the following relief in this matter against Acme:

   a. An award of all earnings, bonuses and other benefits lost as a result of Acme's unlawful discrimination, including but not limited to back pay, front pay, pre-judgment interest, pension, fringe benefits and any other lost benefits.

   b. An order that Plaintiff be reinstated to the position of Risk Manager, if found to be appropriate by the Court.

   c. An award of compensatory damages for pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment and humiliation.

   d. An award of liquidated or double damages for Acme's willful violations of the ADEA pursuant to 29 U.S.C. § 626(b).

e. An award of attorney's fees and costs, pursuant to 29 U.S.C. § 626(b).

f. Any other relief to which the Court deems Plaintiff entitled.

21.

Plaintiff respectfully requests trial by jury.

        Respectfully submitted,

        JONES FUSSELL, L.L.P.


        By: /s/ John R. Walker
          John R. Walker #2165
          P.O. Box 1810
          Covington, LA  70434
          Telephone:  985-246-7808
          Facsimile:  985-235-4327
          E-mail:  johnwalker@jonesfussell.com
          ***Attorney for Guy B. McDonald***